(34 Misc. Rep. 70.)

### CARLEY v. GREENWOOD CEMETERY et al.

(Supreme Court, Special Term, New York County. February, 1901.)

1. WILLS—BEQUESTS—CONSTRUCTION.
    Where testator bequeathed one-half of his residuary estate to a cemetery, for the purpose of erecting a vault on his lot, the bequest cannot be given any effect, in the absence of the plans and specifications referred to in the will, and which were to afford the sole guide in the expenditure.

2. SAME.
    Where testator bequeathed one half of his residuary estate to a cemetery, for the purpose of erecting a vault on his lot according to plans and specifications referred to, but which did not accompany the will, and the other half to maintain it, and subsequently built a vault on the lot himself,—the income from the bequest for maintenance being about 30 times in excess of the usual expense of maintaining the lot,—such bequest cannot be given effect by applying it to the maintenance of the vault erected by testator.

Action by Eldred A. Carley against the Greenwood Cemetery and another for the construction of a will. Decree for plaintiff.

Herbert S. Ogden, for plaintiff.
Philip H. Adee, for defendant Greenwood Cemetery.
Isidor Osorio, for defendant Annie E. Chappell.

BISCHOFF, J. It is conceded by the parties, and, indeed, there is no room for doubt, that the bequest of one-half of the residuary estate to the defendant Greenwood Cemetery for the purpose of the erection of a vault upon the plot owned by the testator cannot be given any effect, because of the nonexistence of the plans and specifications referred to in the will, and which were to afford the sole

guide in the expenditure thus directed. So far, the bequest depended upon the papers thus referred to, and the testamentary disposition was quite incomplete without them. The fact that the testator, after the execution of the will, had caused a vault to be built upon the same plot, explains the absence of these plans and specifications, and discloses the change of his intention in an unmistakable manner.

It is claimed, however, that the further bequest of the remaining half of the estate for the purpose of maintaining the plot and of keeping the vault in repair may be carried out, but my conclusions must be to the contrary. In the absence of the plans and specifications, it is impossible to say that the vault erected by the testator was in any way similar to that contemplated by the will, and for the preservation of which the bequest was made. The evidence shows that the income which would be derived from the property comprised by this bequest would be 30 times excessive of the usual expense of maintaining the plot; and, while it might have been no more than adequate to the proper preservation of the vault which the testator had in mind when he made the will, there is nothing to show that he would have made any such provision to preserve this particular vault which he built himself, or that, in point of decorative durability, there was any relation between the present vault and the structure, once intended, for which it was substituted. To support this bequest, to the extent of the necessities of the preservation of this vault, would be not to carry out the testator's directions, but to make a new will for him, and this may not be done. It results that as to the residuary estate there was intestacy. Form of decree and proposed decision may be submitted on notice.

Ordered accordingly.